■ DRANE LUMBER COMPANY, INC., Appellant, v. T.G.K. CONSTRUCTION Co., INC., Respondent, and RYAN READY MIXED CONCRETE CORP., Appellant, et al., Defendants.— In an action to foreclose a mechanic's lien, plaintiff appeals from so much of an order of the Supreme Court, Richmond County, dated June 7, 1971, as denied its motion for summary judgment and from so much of an order of the same court, dated July 15, 1971, as on reargument adhered to the original determination. Defendant Ryan Ready Mixed Concrete Corp. appeals from both orders. Appeal by plaintiff from the order, dated June 7, 1971, dismissed as academic. That order was superseded by the order granting reargument. Order, dated July 15, 1971, insofar as appealed from by plaintiff, reversed, with $10 costs and disbursements against defendant T.G.K. Construction Co., and plaintiff's motion for summary judgment granted. Order, dated June 7, 1971, affirmed, without costs, insofar as appealed from by Ryan Ready Mixed Concrete Corp. Appeal by Ryan Ready Mixed Concrete Corp. from the order, dated July 15, 1971, dismissed since it was not a party to the motion and thus has no standing. The Special Term erred in denying plaintiff summary judgment on the ground that a question of fact exists as to whether defendant T.G.K. Construction Co., Inc. (the general contractor) made payments to defendant Jaybell in good faith and not to avoid the provisions of section 7 of the Lien Law. That section involves *advance* payments before work is completed and before the lien is filed and in such a case the defense of good faith is an issue. In the plaintiff's case, the payments were made *after* it filed its lien and gave notice to the owner and general contractor. Thus, when the general contractor made subsequent payments, it proceeded at its own risk and is not entitled to the defense raised (*Kelly* v. *Bloomingdale,* 139 N. Y. 343; Lien Law, § 11). Since the factual issue found to exist by the Special Term does not in fact exist in plaintiff's case, it is entitled to summary judgment. Defendant Chesebro may not avail itself of the relief granted plaintiff herein since it did not appeal. As to defendant Ryan Ready Mix Concrete Corp., the situation is somewhat different. The payments objected to were made *before* Ryan filed and served its notice of lien and thus, as to it, section 7 might provide a defense. Thus, defendant is entitled to a trial of that issue. Hopkins, Acting P. J., Martuscello, Christ, Brennan and Benjamin, JJ., concur.