■ CERTIFIED INDUSTRIES, INC., Respondent, v INTERNATIONAL BUSINESS MACHINES CORP. et al., Appellants, et al., Defendants.—In an action to foreclose a mechanic's lien, the appeal, as limited by appellants' brief, is from so much of (1) an order of the Supreme Court, Kings County, entered August 17, 1978, as granted the plaintiff summary judgment against them and (2) the judgment entered thereon on August 23, 1978. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment affirmed insofar as appealed from. Plaintiff is awarded one bill of $50 costs and disbursements. The payment made by defendant Dember Construction Corporation to the subcontractor, Smith-Sparrow Construction Corp., was an advance payment pursuant to section 7 of the Lien Law. The good faith defense permitted under that section may not be used if payment is made subsequent to the filing of a mechanic's lien. Here, the payment was so made. Thus, there is no issue of fact as to Dember's good faith and summary judgment was proper (see *Drane Lbr. Co. v T. G. K. Constr. Co.,* 39 AD2d 567). Damiani, J. P., Shapiro, Margett and Martuscello, JJ., concur.

■ FAIRVIEW BLOCK Co., Respondent, v PEOPLES TRUST COMPANY OF NEW JERSEY, Appellant.—In an action pursuant to article 3-A of the Lien Law based upon the alleged diversion of trust funds, defendant Peoples Trust Company of New Jersey, a bank not authorized to do business in this State, appeals from an order of the Supreme Court, Dutchess County, entered June 3, 1976, which denied its motion to dismiss the complaint, as against it, for lack of jurisdiction. By order entered February 28, 1977, this court remanded the action to Honorable Abraham J. Multer, a former Justice of the Supreme Court, as Referee, to hear and report on the issue of jurisdiction, the appeal being held in abeyance in the interim *(Fairview Block Co. v Peoples Trust Co. of N. J.,* 56 AD2d 643). The Referee has compiled and rendered his report. Order affirmed, with $50 costs and disbursements. The evidence elicited at the hearing conclusively established that the defendant had engaged in purposeful, continuous, substantial and profitable activity in this State within the meaning of CPLR 302 (subd [a]). Thus, the minimum contacts constitutionally required to bring the defendant within the purview of the statute have been established. Mollen, P. J., Titone, O'Connor and Shapiro, JJ., concur.